UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARY J. VASQUEZ,            )
                      )
       Plaintiff,        )
                      )      CIVIL ACTION NO.
VS.                    )
                      )      3:11-CV-2739-G
WAL-MART ASSOCIATES, INC.,  )
ET AL.,               )
                      )
       Defendants.     )

MEMORANDUM OPINION AND ORDER

Before the court are (1) the motion of the plaintiff, Mary J. Vasquez
("Vasquez"), to remand this case to the state court from which it was previously
removed, and (2) the motion of the defendants, Wal-Mart Associates, Inc. and
Claims Management, Inc. d/b/a Arkansas Claims Managements, Inc. d/b/a AR Claims
Management, Inc. (collectively, "the defendants"),[1] to dismiss the claims asserted
against them. *See generally* Plaintiff's Motion for Remand and Incorporated Brief in
Support Thereof ("Motion for Remand") (docket entry 9); Defendants Walmart

---

[1]    Defendant Amy Trimble ("Trimble") did not join in the motion.

Associates, Inc.'s and Claims Management, Inc.'s Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and Brief in Support ("Motion to Dismiss") (docket entry 3).  For the reasons set forth below, Vasquez's motion to remand is denied, and the defendants' motion to dismiss is granted.

## I. BACKGROUND

Vasquez, a Texas citizen, formerly was employed by Wal-Mart Associates, Inc. ("Wal-Mart") in Dallas County, Texas.  Defendant's [sic] Notice of Removal of Action ("Notice") ¶ 4 (docket entry 1); Plaintiff's Original Petition ("Petition") ¶ 10 (docket entry 1-1).

Wal-Mart is a Delaware corporation with its principal place of business in Arkansas.  Notice ¶ 5.  Claims Management, Inc. ("CMI"), also is a Delaware corporation with its principal place of business in Arkansas.  *Id*. ¶ 6.  CMI, a third-party adjusting company, serviced workers' compensation claims on behalf of Wal-Mart.  Petition ¶ 12.  Licensed insurance adjustor Amy Trimble ("Trimble"), a Texas citizen, was employed by Wal-Mart and/or CMI and assigned to handle Vasquez's worker's compensation claim.  Petition ¶ 12.

On or about August 27, 2009, Vasquez was injured on the job when she slipped and fell.  *Id*. ¶ 11; Notice, Exhibit B.  On September 10, 2009, after the filing of Vasquez's Texas worker's compensation claim, Trimble terminated Vasquez's income benefits on the ground that Vasquez declined one or more *bona fide* offers of

employment ("BFOEs").  Petition ¶ 15; Motion to Remand at 3 n.3.  On August 25, 2011, a hearing was held before the Texas Department of Insurance, Division of Workers' Compensation ("DWC").  Petition ¶ 15.  The DWC found against Wal-Mart on its disability dispute, rejecting its contention that Vasquez refused a valid BFOE and ordering the defendants to pay benefits to Vasquez.  *Id.*

On September 9, 2011, Vasquez filed suit against Wal-Mart, CMI, and Trimble in the 14th Judicial District Court of Dallas County, Texas.  Notice ¶ 1. Vasquez claimed actual and exemplary damages for claims arising under Texas law.[2] Petition ¶¶ 37-40.  Specifically, she asserted (1) a common law bad faith claim against Wal-Mart, and (2) claims of violations of the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Comm. Code Ann. § 17.41, *et seq.*, and the Texas Insurance Code ("TIC") §§ 541.060, 541.061, 541.003 against all the defendants (including Trimble).

On October 14, 2011, Wal-Mart and CMI removed the case to this court on the basis of diversity of citizenship jurisdiction.[3]  Notice ¶ 3.  In addition, on October 14, 2011, Wal-Mart and CMI moved to dismiss the claims against them,

---

[2]      In addition, Vasquez requested extraordinary attorney's fees (*i.e.*, the amount of the administrative attorney's fees deducted from her income benefits), district court level attorney's fees as provided for under the DTPA and/or TIC, pre- and post-judgment interest, costs, and any other consequential or extra-contractual damages to which she might be entitled.  Petition ¶ 38.

[3]      Trimble did not join in the removal.

arguing that Vasquez failed to state a claim due to recent precedent from the Supreme Court of Texas, that she lacks standing, and that her allegations are insufficient.  *See generally* Motion to Dismiss.

On November 17, 2011, Vasquez moved to remand this case to state court, arguing that removal was improper because complete diversity of citizenship does not exist between the parties.  Motion for Remand at 4.  Vasquez does not dispute that the amount in controversy in this case exceeds $75,000. Wal-Mart and CMI do not dispute that Trimble is, like Vasquez, a citizen of Texas.  Thus, the only issue before the court regarding the motion to remand is whether Trimble is properly joined as a defendant.

## II.  ANALYSIS

### A.  Legal Standard

#### 1.  *Removal Jurisdiction*

Title 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993).  However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns."  *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164

(5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

Therefore, "any doubts concerning removal must be resolved against removal and in

favor of remanding the case back to state court." *Cross v. Bankers Multiple Line*

*Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also

*Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941).  The party

seeking removal bears the burden of establishing federal jurisdiction.  *Willy*, 855 F.2d

at 1164.

There are two principal bases upon which a district court may exercise removal

jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete

diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.  Here, the removing

defendants have alleged only diversity of citizenship as a basis of this court's

jurisdiction.  The court can properly exercise jurisdiction on the basis of diversity of

citizenship after removal only if three requirements are met:  (1) the parties are of

completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly

joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C.

§ 1441(b); and (3) the case involves an amount in controversy of more than $75,000,

*see* 28 U.S.C. § 1332(a).  Claims filed in state court against multiple defendants

usually cannot be removed to federal court unless all defendants consent to the

removal.  *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510

U.S. 868 (1993).  However, a removing defendant is not required to obtain the

consent of any defendant who has been improperly joined.  *Id.*  In this case, Vasquez

and Trimble are both citizens of Texas.  However, when Wal-Mart and CMI removed

the claim to federal court based on diversity jurisdiction, they contended that removal

was nonetheless proper, insisting that Trimble was improperly joined by Vasquez to

defeat such jurisdiction.  *See* Notice ¶ 11.

## 2.  *Improper Joinder and Remand*

The Fifth Circuit has recognized two grounds on which a court can find that a

defendant was improperly joined:  "'(1) actual fraud in the pleading of jurisdictional

facts, or (2) inability of the plaintiff to establish a cause of action against the non-

diverse party in state court.'"  *Smallwood v. Illinois Central Railroad Company*, 385 F.3d

568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47

(5th Cir. 2003)), *cert. denied*, 544 U.S. 992 (2005).  The first of these two grounds is

not applicable to this case.  To satisfy the second test for improper joinder, the

defendants must demonstrate that "there is no possibility of recovery by the plaintiff

against an in-state defendant, which stated differently means that there is no

reasonable basis for the district court to predict that the plaintiff might be able to

recover against an in-state defendant."  *Id.*

To determine whether the plaintiff is unable to establish a cause of action

against a non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type

analysis, looking initially at the allegations of the complaint to determine whether the

complaint states a claim under state law against the in-state defendant." *Id.*
Normally, a district court should confine its fraudulent joinder analysis to the
pleadings.  But the court "may, in its discretion, pierce the pleadings and conduct a
summary inquiry . . . to identify the presence of discrete and undisputed facts that
would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74.

The Rule 12(b)(6)-type analysis requires the court to ask whether the plaintiff
has pleaded "'enough facts to state a claim to relief that is plausible on its face.'" *In re
Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell
Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182
(2008.  "The court accepts all well-pleaded facts as true, viewing them in the light
most favorable to the plaintiff." *Id.* (internal quotation marks omitted) (quoting
*Martin K. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464, 467
(5th Cir. 2004)).  The party seeking removal bears the burden of proving that joinder
was improper, and that burden is a heavy one.  *Smallwood*, 385 F.3d at 574.  That
said, a complaint does not suffice for 12(b)(6) purposes "if it tenders naked assertions
devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (citation,
quotation marks, and brackets omitted).  "Conclusory or generic allegations of
wrongdoing on the part of the non-diverse defendant are not sufficient to show that
the defendant was not improperly joined." *Randle v. SmithKline Beecham Corporation*,
338 F. Supp. 2d 704, 708 (S.D. Miss. 2004).  To survive a Rule 12(b)(6)-type

challenge, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

Assuming all well-pleaded facts set forth by Vasquez are true and resolving all uncertainties of state substantive law against the defendants, if there is even a possibility that the state court would find a cause of action stated against Trimble, this court must find that Trimble was properly joined and must remand the case. See *B. Inc. v. Miller Brewing Company*, 663 F.2d 545, 550 (5th Cir. 1981).

Vasquez alleges that Trimble is jointly and severally liable for damages that occurred due to actions performed both in her individual capacity and as an agent for Wal-Mart and/or CMI. Petition ¶ 14. These actions, attributed directly and solely to Trimble, included (1) "filing of a written denial or dispute that included one or more baseless, inaccurate or misleading representations of fact or law and/or that was not based on a reasonable, unbiased investigation and/or which misrepresented coverage of Plaintiff's injury and/or disability under the policy and/or the Texas Workers' Compensation Act," as well as (2) issuing or causing to be issued a PLN-11 disputing the plaintiff's entitlement to Temporary Income Benefits after Vasquez declined what

Trimble alleged were several BFOEs, though Vasquez suggests the defendants knew or should have known they were "clearly improper and invalid BFOEs." *Id.* ¶¶ 13-15.

The defendants contend that there is no reasonable basis for this court to predict that Vasquez can recover from Trimble under state law because her petition does not identify any untrue or misleading statements made by Trimble relating to the terms of an insurance policy that would invoke liability under TIC § 541.061. Notice ¶ 15. In addition, the defendants contend that Vasquez has not offered any specific facts to support her claims against Trimble under TIC sections 541.060 and 541.061. *Id.* ¶ 17. Moreover, the defendants maintain that recent Texas Supreme Court precedent, *Texas Mutual Insurance Company v. Ruttiger*, No. 08-0751, 2011 WL 3796353, 54 Tex. Sup. Ct. J. 1642 (Tex. 2011) ("*Ruttiger I*"), holding that a plaintiff cannot assert a claim under TIC § 541.060 based upon the handling of a workers' compensation claim, establishes that Trimble cannot be liable for Vasquez's TIC claims. Accordingly, the defendants urge, there is no reasonable basis for a Texas court to find that Vasquez has a cause of action against Trimble; therefore, Trimble was improperly joined. Notice ¶ 13.

After the filing of the defendants' Notice of Removal, however, the Supreme Court of Texas withdrew its decision in *Ruttiger I* and replaced it with a new opinion. See *Texas Mutual Insurance Company v. Ruttiger*, No. 08-0751, 2012 WL 2361697, 55 Tex. Sup. Ct. J. 912 (Tex. June 22, 2012) ("*Ruttiger II*"). In *Ruttiger II*, the court held

that claims against workers' compensation insurers for unfair settlement practices may not be claimed under the TIC. *Id.* at *1, *12.[4] However, the court held that a TIC claim may be made against an insurer for misrepresentation of policy provisions. *Id.* at *1. Here, however, Vasquez has not alleged that any untrue statements were made by Trimble about the policy.

Vasquez has also asserted a DTPA claim against Trimble. The defendants maintain that as with the TIC, Vasquez does not have standing to bring DTPA claims against any of the defendants, including Trimble. Defendants' Reply to Plaintiff's Response to Motion to Dismiss for Failure to State a Claim (docket entry 16) at 7. The court agrees that Vasquez does not have a viable DTPA claim against Trimble. See *Effinger v. Cambridge Integrated Services Group*, 445 Fed. Appx. 733, 735-36 (5th Cir. Aug. 30, 2011) ("Although an employee receives the benefits of the workers' compensation insurance, the DTPA protections offered do not extend to the employee.").

Because Vasquez will be not be able to establish a cause of action against Trimble in state court, this court finds that joinder of Trimble was improper. Accordingly, the defendants' basis for removal -- complete diversity of citizenship -- is viable, and this case will not be remanded for lack of subject matter jurisdiction. Furthermore, the defendants' motion to dismiss Vasquez's TIC and DTPA claims

---

[4]     The court also held that an employee may not assert a claim for the breach of good faith and fair dealing against a workers' compensation carrier. *Id*.

against them is granted.  Wal-Mart did not move for dismissal of Vasquez's common law bad faith claim against it.  Assuming *arguendo* it had so moved, the court concludes that Wal-Mart has not shown that the plaintiff could prove no set of facts in support of her claim that would entitle her to relief.  See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Thus, that claim, which is asserted only against Wal-Mart, remains.

III.  <u>CONCLUSION</u>

For the reasons stated above, Vasquez's motion to remand is **DENIED**.  The defendants' motion to dismiss the plaintiff's statutory claims for failure to state a claim on which relief can be granted is **GRANTED**.

**SO ORDERED**.

July 9, 2012.

_____
A. JOE FISH
**Senior United States District Judge**